UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDI EZZELL,

    Plaintiff,

v.                                       CASE NO. 8:23-cv-01167-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff Brandi Ezzell's ("Plaintiff") appeal of an administrative decision that her disability has ended, and that she is no longer entitled to Supplemental Security Income ("SSI"). (Tr. 678-692).

On October 31, 2019, the ALJ found that Plaintiff's disability ended on December 27, 2016. (Tr. 17-35.) Plaintiff sought review of this decision by the Appeals Council, but that request for review was denied on August 18, 2020. (Tr. 1-6.) Thereafter, Plaintiff appealed with this Court, and the matter was remanded back to the administrative level. (Tr. 782-784.) On remand, the ALJ was directed to "give further consideration to [Plaintiff's] maximum residual

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 17.)

functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations," "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on [Plaintiff's] occupational base," and consolidate Plaintiff's "subsequent claim for Title XVI disability benefits [filed] on May 26, 2021." (Tr. 678.)

After his subsequent review, on October 18, 2022, the ALJ again determined that Plaintiff's disability ended on December 27, 2016. (Tr. 675-706.) Plaintiff requested review by the Appeals Council, which was denied on April 13, 2023. (Tr. 661-667.) On May 25, 2023, Plaintiff filed a Complaint with this Court, alleging that the ALJ's cessation of Plaintiff's disability is unsupported by substantial evidence. (Doc. 1 at 4.)

Upon reviewing the record, the parties' briefs, and the applicable law, this Court finds that the ALJ's decision is supported by substantial evidence and is due to be **AFFIRMED.**

## I. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the ALJ findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as

2

a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the ALJ decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the ALJ's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

### A.   Issue on Appeal

Plaintiff raises one issue on appeal: "[w]hether the ALJ['s] decision was in error in failing to properly address the [Plaintiff's] borderline visuomotor processing speed." (Doc. 26 at 3.)

Plaintiff argues that the ALJ's failure to address Plaintiff's borderline visuomotor processing speed led to an inaccurate residual functional capacity ("RFC") determination which, in turn, curated an overinclusive or inaccurate list of available jobs in the national economy. (*Id.* at 5.) Specifically, Plaintiff

hypothesizes that the ALJ "may have conflated processing speed" with "visuomotor processing speed" during his analysis, as each were not distinctly discussed. (*Id.* at 5.) Plaintiff asserts that this potential misinterpretation is material because the jobs identified by the vocational expert ("VE") all involve some type of assembly work and, had the ALJ "reduced the speed in which [Plaintiff] could efficiently integrate eyes and hands to complete a task,[2] [the] VE may have eliminated the jobs offered, and[,] given the other limitations, all other work." (*Id.*)

### B. The ALJ's Decision

To determine if Plaintiff continues to be disabled, the ALJ must follow a seven-step evaluation process. (20 C.F.R. § 416.994.)

At step one, the ALJ must determine whether Plaintiff has an impairment or combination of impairments which meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 416.920(d), 416.925, 416.926.) If Plaintiff does, her disability continues. (20 C.F.R. § 416.994(b)(5)(i).)

At step two, the ALJ must determine whether medical improvement has occurred (20 C.F.R. §416.994(b)(5)(ii).). Medical improvement is any decrease

---

[2] Note that, in her brief, Plaintiff does not cite to any external source supporting her definition of borderline visuomotor processing speed and/or any effects that may manifest regarding her ability to assemble items. (*Id.*)

4

in medical severity of the impairment(s) as established by improvement in symptoms, signs and/or laboratory findings. (20 C.F.R. § 416.994(b)(1)(i).) If medical improvement has occurred, the analysis proceeds to the third step. (Tr. 679.) If not, the analysis proceeds to the fourth step. (*Id.*)

At step three, the ALJ must determine whether medical improvement is related to the ability to work. (20 C.F.R. § 416.994(b)(5)(iii).) Medical improvement is related to the ability to work if it results in an increase in Plaintiff's capacity to perform basic work activities. (20 C.F.R. § 416.994(b)(1)(iii).). If it does, the analysis proceeds to the fifth step. (Tr. 679.)

At step four, the ALJ must determine if an exception to medical improvement applies (20 C.F.R. § 416.994(b)(5)(iv).). There are two groups of exceptions. (20 C.F.R. § 416.994(b)(3)-(4).). If one of the first group exceptions applies, the analysis proceeds to the next step. (Tr. 679.) If one of the second group exceptions applies, the Plaintiff's disability ends. (*Id.*) If none apply, the Plaintiff's disability continues. (*Id.*)

At step five, the ALJ must determine whether all the Plaintiff's current impairments in combination are severe. (20 C.F.R. § 416.994(b)(5)(v).). If all current impairments in combination do not significantly limit the Plaintiff's ability to do basic work activities, the Plaintiff is no longer disabled. (Tr. 680.) If they do, the analysis proceeds to the next step. (*Id.*)

At step six, the ALJ must assess Plaintiff's RFC based on the current

impairments and determine if she can perform past relevant work (20 C.F.R. § 416.994(b)(5)(vi)). If Plaintiff has the capacity to perform past relevant work, her disability has ended. (Tr. 680.) If not, the analysis proceeds to the last step. (*Id.*)

At the last step, the ALJ must determine whether other work exists that Plaintiff can perform, given her RFC and considering her age, education, and past work experience. (20 C.F.R. § 416.994(b)(5)(vii).) If Plaintiff can perform other work, she is no longer disabled. (Tr. 680.) If Plaintiff cannot perform other work, her disability continues. (*Id.*)

In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that Plaintiff can do, given the RFC, age, education, and work experience. (Tr. 680.)

At step one in the present case, the ALJ concluded that Plaintiff has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 since December 27, 2016. (Tr. 680-82; 20 C.F.R. §§ 416.925, 416.926.)

At step two, the ALJ found that Plaintiff experienced medical improvement on or by December 27, 2016, due to an increase in her body mass

6

index ("BMI"). (Tr. 683; 20 C.F.R. § 416.994(b)(1)(i).)

At step three, the ALJ determined that Plaintiff's medical improvement pertained to her ability to work and proceeded to step five. (Tr. 684; 20 C.F.R. § 416.994(b)(2)(iv)(A).)

At step five, the ALJ determined that Plaintiff's impairments or combination of impairments, are severe and have been since December 27, 2016. (Tr. 684; 20 C.F.R. § 416.994(b)(5)(v).) Plaintiff's severe impairments include "Asperger's syndrome, [attention-deficit/hyperactivity disorder ("ADHD")], scoliosis, hearing loss, [arthralgia of the temporomandibular joint ("TMJ")], migraines, recurrent anemia, hypermobility syndrome, and peripheral neuropathy."[3] (Tr. 684.)

At step six, the ALJ considered all of Plaintiff's medically determinable impairments, with consideration of the limitations and restrictions imposed by the combined effects of those impairments,[4] in assessing Plaintiff's RFC. (Tr. 684-85.) The ALJ determined that Plaintiff has the RFC to:

> [P]erform sedentary work as defined in 20 [C.F.R. §] 416.967(a) except she can frequently stoop or climb ladders, ropes, or scaffolds, but she cannot work around loud noise environments. [Plaintiff] can

---

[3] The ALJ determined that Plaintiff's neuromas of the feet are a non-severe impairment because such does not significantly limit her ability to perform basic work activities. (Tr. 684.) In concluding such, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. (Tr. 684; 20 C.F.R. §§ 416.920(c), 416.921.)

[4] *See* SSR 96-8P, 1996 WL 374184, July 2, 1996.

7

understand, remember, carry out, and maintain persistence for work duties that are detailed when combined but made up of simple tasks requiring only commons [sic] sense understanding and decision making. [Plaintiff] can work in an environment with few day-to-day changes in terms of work processes, work duties, and/or work settings, and she should have no work with the public and interactions with coworkers should be superficial and/or work-related.

(Tr. 684.) Upon determining that Plaintiff lacks past relevant work, the ALJ proceeded to the final step of the analysis. (Tr. 691; 20 C.F.R. § 416.965.)

At step seven, the ALJ considered Plaintiff's age, education, work experience, and RFC based on her current impairments to assess whether Plaintiff could perform a significant number of jobs in the national economy. (Tr. 691.) Here, the ALJ asked VE John W. McKinney, III, CRC, CVE, LPC, to opine on the availability of such jobs, given the above factors. (*Id.*) The VE testified to three positions that Plaintiff occupy: an inserter, assembler, or bonding worker. (Tr. 692.) As each role exists in significant numbers in the national economy, the ALJ determined that Plaintiff has not been disabled since December 27, 2016. (*Id.*)

### III.  Analysis

Plaintiff's argument rests on the assumption that, if the ALJ distinctly addressed Plaintiff's borderline visuomotor processing speed, then perhaps the ALJ may have determined a more restrictive RFC for Plaintiff, which may have caused the VE to produce an altered set of data, which may have represented an insignificant number of jobs—or no jobs at all—in the national

8

economy for Plaintiff to pursue. (Doc. 26 at 3.) In particular, Plaintiff focuses on the ALJ's omission of her borderline visuomotor processing speed because the jobs presented by the VE are all assembly related, and Plaintiff assumes that her borderline visuomotor processing speed would restrict her from undertaking these hands-on roles. (*Id.* at 5.) However, Plaintiff's theory fails for at least three reasons.

First, Plaintiff's conjecture falls outside the scope of this Court's review. This Court is limited to assuring that the ALJ employed the proper legal standard and depended on substantial evidence in his decision. *See* 42 U.S.C. § 405(g); *McRoberts*, 841 F.2d at 1080; *Richardson*, 402 U.S. at 390. Here, Plaintiff asserts that the ALJ's determination does not rest on substantial evidence; however, this Court disagrees. Plaintiff assumes that if the ALJ distinctly discussed her borderline visuomotor processing speed, then the ALJ's disability determination would have been different. (Doc. 26 at 3.)

However, the relevant inquiry is not whether some evidence might support greater limitations, but whether substantial evidence supports the ALJ's decision. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Further, this Court's review does not include re-weighing the evidence. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Thus, this Court cannot prioritize Plaintiff's borderline visuomotor processing speed over the substantial evidence in the record otherwise supporting the ALJ's decision,

9

as doing so is beyond this Court's review. Even if this Court were to agree that Plaintiff potentially experienced an additional limitation, an ALJ's decision supported by substantial evidence must remain undisturbed, even if some proof preponderates against it. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). Consequently, because Plaintiff asks this Court to speculate what may have happened if the ALJ discussed some piece of evidence differently—even if that evidence contrasts with the ALJ's decision—this Court will still affirm the ALJ's determination given the substantial evidence in the record supporting his finding.

Second, Plaintiff claims that her borderline visuomotor processing speed—which she defines without citing to any medical or scientific authority—would have impacted her RFC determination without describing how. (Doc. 26 at 5.)  However, the mere possibility of an altered RFC is insufficient to compel remand in this case. *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (stating that Plaintiff must show the effect of the impairment on her ability to work" and not just a somatic deviation). This Court cannot assume how Plaintiff's borderline visuomotor processing speed may have impacted the ALJ's decision, and Plaintiff fails to enlighten this Court as to the nature of this limitation regardless. Thus, Plaintiff has failed to convince this Court as to how her RFC—and the national economy's

available jobs—may have been materially altered, especially considering household work Plaintiff performed requiring hand-eye coordination, such as laundry, cleaning, pet care, and food preparation. (Tr. 686, 1066.)

Third, this Court is unpersuaded by Plaintiff's assumption that the ALJ overlooked the medical report containing her borderline visuomotor processing speed because the ALJ cited to that very report a dozen times. (Tr. 688-90.) In that report, Dr. John Dabrowski references Plaintiff's below average or borderline visuomotor processing speed; however, he does so only as an objective test result, and not as a limitation or recommendation related to work. (Tr. 1036, 1038.) The ALJ relied on Dr. Dabrowski's opinions several times in his decision and found several limitations resulting therefrom. (Tr. 682-83.) Plaintiff taking issue with the ALJ's omission of Dr. Dabrowski's mention of her borderline visuomotor processing speed is unconvincing because the ALJ need not address every piece of evidence in the record. *See* Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). Instead, the ALJ's decision—discussing the record and Dr. Dabrowski's report—as a whole is satisfactory. (*Id.* (citing *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).)

## IV. Conclusion

This Court's limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *See Bloodsworth* 703 F.2d at 1239. Here, the Court will not re-weigh the evidence because the ALJ's

11

decision is substantially supported, regardless of proof potentially preponderating against it. *See Edwards* 937 F.2d at 584 n.3. Consequently, the ALJ's decision that Plaintiff's disability ended on December 27, 2016, shall not be disturbed. Accordingly, it is **ORDERED**:

    1.    The Commissioner's decision is **AFFIRMED**.

    2.    The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on August 27, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

12